¿'udge Simpson
delivered the opinion, of the Court.
J. U. Waring, in his lifetime, executed a writing in the following terms:
“If my wife Mariam and myself should-ever part, or be separated or divorced, I will account to her and her heirs for all such advances as may be made to her by her father, Thomas Helm, and in the meantime they are to be kept to her separate use and control. All such advances are to be specifically and specially receipted for. Given under my hand and seal this 31st day of January, 1820.”
On the back of said writing, there is a receipt signed by J. U. Waring, for cash notes received from Thomas Helm for the use of Mariam Waring, amounting to the sum of eighteen hundred and twenty dollars, which he was to hold according to the terms of the agreement.
Waring and his wife separated, and she obtained a divorce in the year 1843. He afterwards died, never *332 having paid to her the amount of the cash notes that he had received from her father, Thomas Helm, for her use, under the foregoing contract. In the year 1848, she brought this suit in chancery against his executors, to compel them to pay it to her.
A father may convey property to his son-in-law in trust to be paid his daughter under such circumstances as he may choose. That it is to be paid to her in case of separation or divorce, does not render it invalid.
Pier right to a decree is resisted upon the ground— First, That the writing does not create a valid trust, it being merely a contract between husband and wife.
Second, That by its terms the rights of the husband are not excluded — a gift to a woman after marriage “ for her own use and benefit,” vesting the title to the gift in the husband.
Third, That the agreement is one made in contemplation of the future separation of the husband and wife, and providing for her maintenance consequent thereon, and is, therefore, against the policy of the law and utterly void.
The contract purports to be, and evidently was, between Helm and Waring. Its object was to constitute the latter a trustee for his wife, to hold as her separate estate, the property which Helm, her father, might deem proper to placé in his hands. The writing evidencing the contract, is inartificially drawn, but that such was its design is sufficiently manifest from its terms and stipulations; and that it was a contract made with Plelm is proved by the fact that he retained the writing in his possession after its execution by Waring.
Helm had a right to create a trust estate out of his own property, with such limitations and restrictions as he thought proper to impose. The writing executed by Waring is merely evidence of the terms of the trust, and that he had accepted, and bound himself to execute it. If it had been created by a writing executed by Helm and Waring jointly, the first transferring the property in trust to the latter, for the sepai-ate use of his wife, and subject to her control, the trust, however, to cease and determine, and the property to be surrendered to the wife, in the event of a separation or a divorce, and the latter accepting the trust upon the *333 terms prescribed by the donor; could any valid objection have been made to the transaction, or could such a trust be inoperative, because it was against the policy of the law, or upon any other ground? A trust of that description bears very little, if any, resemblance to a contract binding the husband to pay a certain sum for the support and sustenance of his wife in the event of a separation. In such a case the support is to come from the estate of the husband; and the right of the wife is contingent, depending upon a separation between her and her husband. In the'case of the trust, the provision made for the wife, does not come from, the estate of the husband, but from-the estate of her father in the hands of the husband as trustee, and the right of the wife to it is not contingent, but it is her separate estate from the time of its reception by her husband, and it is only his power over it as trustee, that is contingent and which terminates upon the occurrence of a separation or divorce. The trust in this case, although not created in the formal mánner described, is substantially of the same character, and vests the wife with the same rights, and imposes the same-duties and obligations upon the husband as trustee.
is complete In such case;when the husband dies, the' power to execute the trust ceases, . and the right of the widow, the' cestui que trust' pie
Where executor both sued^adet^bWevied of assets, if sufficient; if not, of eslate devised.
*333 The estate was not given merely for the use and benefit of the wife, by which a right to it would have vested in the husband, but it was given for her separate use, thereby creating a separate estate in the wife,.and excluding the husband from all right to it.
When, therefore, the powers of the trustee ceased by the limitation contained in the trust itself, he had no longer any right to retain the trust estate in his hands ; and having died without having transferred it to the beneficiary, or made any disposition of it for her use and benefit, the Court below very properly decreed its payment by the executors out of the estate in their hands, and in the decree there is no error to their prejudice.
But as the defendant in errorjhad sued Robert Waring as devisee as well as executor, and had alleged in her bill that the testator’s whole estate had *334 been devised to him, the decree should have bee» against the devisee as well as the executors, and directed the amount decreed to be made first out of the asset's in the hands of the executors, and in case of a deficiency of such assets, then of the estate devised; and the failure to do so is to the prejudice of the defendant in error.
Lindsey for plaintiffs; Porter for defendant.
Wherefore the decree is affirmed on the original errors, and reversed on the cross errors, and cause remanded for a decree in conformity with this opinion.